JOSIAH A. BRIGHAM & others *vs.* HANNAH MAYNARD.

Under *Sts.* 1854, *cc.* 406, 428, the widow of one who leaves no children, if she waives the provision made for her in the will, is entitled to the whole of the personal property, if it does not exceed five thousand dollars.

APPEAL from the decree of a judge of probate, allowing to the appellee, the widow of Moses G. Maynard, the whole of his personal estate, upon these facts: In 1855 Moses G. Maynard died, leaving kindred, but no issue, and having disposed of his estate by will; and leaving personal property, which, after the payment of debts, amounted to less than five thousand dollars. The appellee duly waived the provision made for her in the will.

*C. Devens, Jr. & G. F. Hoar,* for the appellee.

*H. Chapin,* for the appellants.

THOMAS, J. The widow having waived the provision made for her in the will of her husband, the question is, to what share of his estate she is entitled by law. He died without issue.

Under the Rev. Sts. *c.* 60, § 11, she would have her dower in the estate of which he was seised during the coverture, which she had not released; and, under the *St.* of 1838, *c.* 145, such part of the personal estate as the judge of probate should allow for necessaries for the use of herself and the family under her care.

Under *St.* 1854, *c.* 428, she is entitled to such portion of the real and personal estate as she would have been entitled to if her husband had died intestate, with this limitation, that she is not to receive more than ten thousand dollars out of the per-

sonal estate. By ascertaining then what, under the existing statutes, she would be entitled to receive if her husband had died intestate, we shall learn what she is to receive when she waives the provisions of her husband's will.

Under the *St.* of 1854, *c.* 406, passed on the same day with *c.* 428, taking effect with it, and existing in full force at the time of the death of the testator, she would be entitled to one half of the real estate of which he died seised, during the term of her natural life; and to the whole of the personal estate remaining after payment of the debts of the deceased with charges of his funeral and settling his estate, provided such residue does not amount to more than five thousand dollars. If such residue does amount to more than five thousand dollars and less than ten thousand dollars, she would be entitled to five thousand dollars out of the same; if the residue amounts to ten thousand dollars, or upwards, to one half thereof. But when there is a will, and the widow waives its provisions, the amount of personal shall not exceed ten thousand dollars.

But the provisions of this chapter 406 of *St.* 1854 are in lieu of dower at the widow's election. If within six months after administration granted she elect to take her dower, she may do so. Electing to take dower, she has no share of the personal estate.

The *St.* of 1854, *c.* 406, took effect at the same time with *c.* 428. We must suppose that, both being on the same subject, it was foreseen that they must be construed together.

But the legal effect would be the same if the provisions of *c.* 406 had been adopted at any time subsequent to those of *c.* 428. To determine what is meant by taking " such portion of the real and personal estate as she would have been entitled to if her husband had died intestate," we must look to the law regulating the descent and distribution of intestate estates at the time of the husband's decease. Suppose we were to say that she should take her share as of an intestate estate under the revised statutes, that is to say, first, dower in all the lands of which the husband was seised during coverture; second, one half of his personal estate. If the value of the real estate of

Brigham & others *v.* Maynard.

which he was at different times seised, and of which dower was not barred, was sixty thousand dollars, and land of the value of forty thousand dollars had been conveyed or taken on execution without release of dower, the wife would have her life estate in twenty thousand dollars, one third of the whole. His personal estate, we may suppose, after paying debts, &c., is twenty thousand dollars. The wife takes one half. She then has her life estate in twenty thousand dollars of real estate, and ten thousand dollars of personal estate absolutely. Under the *St.* of 1854, with the same property she would have a life estate in one half of the real property of which he died seised, that is, ten thousand dollars; and the same personal estate, ten thousand dollars. Under the *St.* of 1854, she would receive the use of ten thousand dollars less than under the revised statutes. Or, if she waived the provisions of the will and also elected to take dower instead of the benefit of the provisions of §§ 1, 2 and 3 of *c.* 406, she would have the same dower as under the revised statutes, but no share of the personal estate; she would have ten thousand dollars absolutely.

It is suggested that under this construction of the statute the husband, having no children, who leaves less than five thousand dollars, all in personal property, cannot, as against his widow, make a disposition of this property by will. This may be so, and might be a good reason for not adopting the statute; or, if the statute were of doubtful meaning, might aid in its construction; but, where the language of the statute is clear and explicit, can have no effect.

*Decree affirmed.*